**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4122**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELL DEVORE RHYMES, a/k/a Fats,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cr-00022-CMH-1)

Submitted:  August 1, 2020                                    Decided:  September 15, 2020

Before MOTZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Vernida R. Chaney, CHANEY LAW FIRM, PLLC, Fairfax, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Whitney Russell, Assistant United States Attorney, Raizza K. Ty, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Cornell Devore Rhymes of conspiracy to commit sex trafficking, in violation of 18 U.S.C. §§ 1591(a), (b)(1), (2), (c), 1594(c) (Count 1), and sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 2, 1591(a)(1), (b)(1) (Count 3).[1] The charges arose from Rhymes' alleged role in the sex trafficking of one adult prostitution victim, M.M., and one juvenile prostitution victim, M.B., in the summer of 2017. On appeal, Rhymes challenges the sufficiency of the evidence to support his convictions on Counts 1 and 3. He also argues that the district court erred in excluding certain evidence and in providing an "ambiguous" verdict sheet. We affirm.

I

Rhymes first challenges the sufficiency of the evidence supporting his convictions. A defendant challenging his conviction on sufficiency of the evidence grounds "must overcome a heavy burden." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (internal quotation marks omitted). "We will uphold [a jury's] verdict if, viewing the evidence in the light most favorable to the [G]overnment, it is supported by substantial evidence . . . ." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted); *see Wolf*, 860 F.3d at 194. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Wolf*, 860 F.3d at 194

---

[1] Rhymes had previously pled guilty to Count 4 of the superseding indictment, possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

(alteration and internal quotation marks omitted). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Wolf*, 860 F.3d at 194 (internal quotation marks omitted).

In order to convict Rhymes of the conspiracy charged in Count 1, the Government was required to prove "(1) that two or more persons entered an agreement to commit sex trafficking in violation of 18 U.S.C. § 1591; (2) that [Rhymes] knew of the conspiracy; and (3) that [Rhymes] knowingly and voluntarily became part of the conspiracy." *United States v. McMillan*, __ F. App'x __, __, No. 18-4175, 2020 WL 2494412, at *3 (4th Cir. May 14, 2020) (argued but unpublished) (citing *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)). A conviction on Count 3 required the Government to prove that Rhymes

> (1) did knowingly (2) in or affecting interstate [or] foreign commerce, (3) entice, recruit, harbor, transport, provide, obtain, or maintain by any means a person, (4) knowing, or in reckless disregard of the fact, (5) that fraud[, force, threats of force, or coercion] would be used to cause such person to engage in a commercial sex act.

*United States v. Cooper*, 926 F.3d 718, 735 (11th Cir.), *cert. denied*, 140 S. Ct. 613 (2019) (internal quotation marks omitted); *see United States v. Maynes*, 880 F.3d 110, 113 (4th Cir. 2018) (citing 18 U.S.C. § 1591(a)). "Coercion" includes both "threats of serious harm to or physical restraint against any person" and "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2).

3

The evidence at trial, taken in the light most favorable to the Government, established that for over a two-day period in June 2017, M.M. engaged in approximately 10 commercial sex transactions in a Motel 6 in Springfield, Virginia, under Rhymes' direction. M.M. met Rhymes after she contacted a friend—Jada—seeking a place to stay because she had just left an abusive relationship. Jada sent three men, including Rhymes, to pick M.M. up. After asking M.M. about her background, the men began to discuss their involvement in prostitution. M.M. was uncomfortable with the conversation and did not expect to be asked to engage in prostitution. One of the men, known as "Byrd," forced M.M. to perform oral sex; M.M. threw up in his lap as a result. The men purchased a prepaid cell phone for M.M. and brought her to the motel; Rhymes provided M.M. with the prepaid cell phone and denied her unsupervised access to her personal cell phone.

Rhymes and the others took photographs of M.M. in lingerie and posted an advertisement online. Rhymes set M.M.'s prices, determined what sex acts she would perform, instructed her how to interact with customers and how to accept payment, and received all of the proceeds from the transactions. Rhymes did not allow M.M. to sleep and instead provided her with cocaine, knowing that M.M. had an addiction. M.M. testified that she was under constant supervision and feared the consequences of trying to leave. M.M. also testified that she had nonconsensual vaginal and oral sex with Rhymes. After realizing that she was alone in the motel room, M.M. ultimately was able to escape and report her experience to the police.

Later that summer, in August 2017, Byrd transported M.B.—who was 16 at the time—to the Springfield Motel 6 and informed her that she needed to work for him as a

4

prostitute. Byrd forced M.B. to see between 10 and 20 commercial sex customers every 24 hours. He posted photos of M.B. in online advertisements, in which she wore only underwear, and he managed all aspects of M.B.'s commercial sex work, including the prices to charge, the acts to perform, and how to interact with customers. M.B. testified that Byrd often threatened her and used physical violence, including punching her and choking her. Rhymes had sex with M.B. several times, but he did not pay her; Byrd told M.B. that Rhymes would pay him directly. After moving to another motel, M.B. was able to contact staff at a youth home to ask for help. Law enforcement officers responded to the report of a missing juvenile and detained Byrd and Rhymes at the scene. One of the responding officers testified that Rhymes became nervous when questioned about M.B. Although Rhymes denied knowing Byrd, phone records established 24 contacts between Rhymes and Byrd in the time period when M.B. was being trafficked.

Rhymes argues that there was insufficient evidence of an agreement, as required to prove Count 1, and insufficient evidence that he employed force, fraud, or coercion, as required on Count 3. However, because a reasonable fact finder "could accept [the evidence adduced at trial] as adequate and sufficient to support a conclusion of [Rhymes'] guilt beyond a reasonable doubt," *Wolf*, 860 F.3d at 194 (internal quotation marks omitted), we conclude that the evidence is sufficient to support Rhymes' convictions.

II

Rhymes next challenges the district court's decision to grant the Government's motion in limine and exclude certain evidence of M.M.'s past sexual history under Fed. R. Evid. 412. In "criminal proceeding[s] involving alleged sexual misconduct[,]" Rule 412

prohibits the admission of evidence of a victim's past sexual behavior except in three narrow circumstances: (1) when it is relevant regarding the source of semen or injury found on the victim; (2) when it deals with prior sexual behavior between the victim and the accused and is relevant to the issue of consent; and (3) when it is constitutionally required. Fed. R. Evid. 412(b). "We review evidentiary rulings for abuse of discretion . . . and will not reverse a district court's [evidentiary] decision . . . unless it was arbitrary or irrational." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (citation and internal quotation marks omitted).

Rhymes contends that the district court's exclusion of the evidence deprived him of a meaningful opportunity to challenge M.M.'s credibility. However, Rhymes cross-examined M.M. on what he believed to be inconsistencies in her statements and on her prior drug use, and M.M. further admitted on cross-examination that she was aware that Jada worked as a prostitute when M.M. asked Jada for a place to stay. Evidence of M.M.'s sexual history therefore was not constitutionally mandated in order for Rhymes to challenge her credibility on cross-examination. *See Maynes*, 880 F.3d at 115 ("In considering Sixth Amendment challenges, specifically, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (internal quotation marks omitted)). We therefore conclude that the district court did not abuse its discretion in granting the Government's motion in limine to exclude the challenged evidence.

III

Finally, Rhymes contends that the district court reversibly erred by providing an improperly vague verdict form, arguing that it is impossible to determine whether the jury reached a unanimous decision on the conspiracy charged in Count 1.[2] In issuing its instructions, the district court clearly informed the jury of the elements of each offense and advised the jury of the Government's responsibility to prove each element beyond a reasonable doubt. After the court submitted the case to the jury, the jury inquired whether it was sufficient if the jury believed there was a conspiracy to engage in sex trafficking involving just one of the named victims, rather than both victims. With no objection from Rhymes, the district court provided the jury with a revised verdict form that first asked the jury to make a finding of guilty or not guilty on Count 1. The form then required the jury to provide additional findings:

---

[2] To the extent that Rhymes raises a similar challenge to the substantive offense charged in Count 3, the indictment clearly stated that this count pertained to M.M. alone, and the district court instructed the jury accordingly.

7



> If you find the defendant guilty [of Count 1], did you unanimously find that the defendant acted knowingly or in reckless disregard of the fact that:
> (Check only one box):
> ___ M.B. had not attained the age of 18 and would be caused to engage in a commercial sex act; or
> ___ means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause either M.B. or M.M. to engage in a commercial sex act;
> or
> ___ both.

(J.A. 346).[3]

Because Rhymes did not object to the special verdict form in the district court, our review is for plain error. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 211-12 (4th Cir. 2014). Under plain error review, "we will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 212. "The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Lovern*, 293 F.3d 695, 699 (4th Cir. 2002) (internal quotation marks omitted); *see United States v. Gaudin*, 515 U.S. 506, 509-10 (1995) (explaining that Fifth and Sixth Amendments together "require criminal convictions to rest upon a jury determination" of guilt of each element of the offense, beyond a reasonable doubt). The district court clearly informed the jury of this fact, both in its original jury instructions and in its follow-up response to the jury's question regarding the conspiracy charge. "We

---

[3] "J.A." refers to the joint appendix filed by the parties in this appeal.

assume that the jury understood and followed the [district] court's instructions." *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008) (internal quotation marks omitted).

The verdict form first required the jury to determine that the Government had proven a conspiracy beyond a reasonable doubt; it then asked the jury to specify which theory it unanimously agreed that the Government had proven—that Rhymes had entered into an agreement to traffic by force, fraud, or coercion; or that Rhymes had entered into an agreement knowing, or recklessly disregarding, that a minor would be caused to engage in a commercial sex act. The jury therefore clearly rendered a unanimous verdict on each element of the charged offense, and any error in the district court's decision to issue the special verdict form did not affect Rhymes' substantial rights.

IV

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*